IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JEFFREY OSBORNE, #351-184 | * |
| Petitioner | * |
| v. | *   CIVIL ACTION NO. GLR-13-204 |
| B. SHEARIN-NBCI, et al. | * |
| Respondents | * |
| | *** |

## **MEMORANDUM**

On January 18, 2013, Plaintiff filed with this Court an undated 28 U.S.C. § 2254 Petition for writ of habeas corpus, which was franked by the U.S. Postal Service on January 14, 2013. ECF No. 1. This is the first § 2254 petition filed by Petitioner, who was sentenced to a five-year term on June 11, 2008, and filed his first state post-conviction petition on February 23, 2010. Id., at 1 & 4. Respondents were ordered to file a limited answer as to the timeliness of the Petition,[1] with Petitioner granted additional time to file a reply to the response. ECF No. 3 at 2.

---

[1] Title 28 U.S.C. § 2244(d) provides that:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

On March 11, 2013, Respondents filed an answer to Petitioner's application for habeas relief solely addressing the timeliness of Petitioner's application. ECF No. 4. Petitioner has not filed a reply.

On June 11, 2008, Petitioner pled guilty to armed robbery and was sentenced to a five-year term by Baltimore County Circuit Court Judge John Grason Turnbull, II. Id., Ex. 1 at 3-4. He did not seek leave to appeal the entry of his guilty plea or his sentence. Therefore, his judgment of conviction became final on July 11, 2008, when the time for seeking leave to appeal expired. See Md. Code Ann., Cts. & Jud. Proc. Art., § 12-302(e) (2002) and Md. Rule 8-204(b).

On February 23, 2010, Petitioner filed his first post-conviction petition in the Circuit Court for Baltimore County, Maryland. ECF No. 4, Ex. 1 at 4. On October 6, 2010, a post-conviction hearing was held before Circuit Court Judge John J. Hagle, III. Id. Post-conviction relief was denied on July 20, 2011. Id., Ex. 1 at 5. Petitioner did not seek leave to appeal the ruling of the post-conviction court and his collateral review became final on August 19, 2011.

Petitioner had a one-year period, from July 12, 2008 to July 13, 2009, to file a § 2254 Petition for habeas corpus relief. This Petition was not filed until January 14, 2013. During this one-year period, there were no matters pending in state court related to Petitioner's criminal case which would have provided for statutory tolling under 28 U.S.C. § 2244(d)(2). Thus, the statute of limitations period ran unchecked and untolled.

---

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner offers no explanation or excuse for the belated filing of his Petition. Equitable tolling applies only in "those rare instances where-due to circumstances external to the party's own conduct-it would be unconscionable to enforce the limitation period against the party and gross injustice would result." See Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000). In Holland v. Florida, 130 S.Ct. 2549 (2010), the Supreme Court affirmed that equitable tolling applies to the one-year statute of limitations set out in § 2244(d). Id. at 2554. Specifically, the Court found that in order to be entitled to equitable tolling the movant must show (1) that he has diligently pursued his rights and (2) that some extraordinary circumstance prevented the timely filing. Id. at 2562; see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005).

Petitioner entered a guilty plea in 2008. He did not advance his claims within a reasonable time of their availability and otherwise sat on his rights. This habeas corpus Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed with prejudice.

In Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a certificate of appealability ("COA") should issue when the prisoner shows, at least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484. Petitioner does not satisfy this standard, and the Court declines to issue a COA. A separate Order shall be entered in accordance herewith.

April 12, 2013                                /s/
                                              _____
                                              George L. Russell, III
                                              United States District Judge